UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AKEHA GREEN,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | **CIVIL ACTION NO. 4:16-CV-2575** |
| | § | |
| **ORION REAL ESTATE SERVICES, INC.,** | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) (Doc. No. 27). After considering the Motion, the response thereto, and all applicable law, the Court determines that the Motion should be granted in part and denied in part.

### I. BACKGROUND

From May 2011 to December 2012, Plaintiff Akeha Green was employed by Defendants Orion Real Estate Services, Inc., Allied Development Corporation d/b/a Orion Real Estate Services, Inc., Allied Orion Group, LLC, and HFI Management Company as a property manager. (Doc. No. 6 at 3-6.) Plaintiff alleges that, during the time she worked for Defendants, she experienced discrimination based on her race, gender, and disability. *Id*. She further alleges that she experienced retaliation for exercising her rights under the Family and Medical Leave Act (FMLA) and for engaging in activity protected by Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866 (hereinafter "Section 1981"). *Id*. Plaintiff brings claims against Defendants under the FMLA, the Americans with Disabilities Act (ADA), the Texas Commission on Human Rights Act (TCHRA), Title VII, and Section 1981. *Id.* at 6-11. Plaintiff also alleges wrongful discharge. *Id*.

## II. LEGAL STANDARD

Defendants styled their motion as a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), that is, for failure to state a claim upon which relief can be granted. (Doc. No. 27.) However, Defendants attached 10 exhibits to their motion. Under Federal Rule of Civil Procedure 12(d), if the Court considers matters outside the pleadings in deciding a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56. Therefore, the Court applies the Rule 56 standard to Defendants' motion.

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The court can consider any evidence in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Crawford*, 234 F.3d at 902. The party moving for summary judgment bears the burden of demonstrating the absence of a genuine dispute of material fact. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). If the moving party meets this burden, the non-moving party must go beyond the pleadings to find specific facts showing that a genuine issue of material fact exists for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

## III. ANALYSIS

### a. Color and national origin discrimination

Defendants note that Plaintiff failed to allege any facts to support a claim of discrimination based on color or national origin. (Doc. No. 27 at 5.) The Amended Complaint, however, does not allege color or national origin discrimination. Therefore, this argument is moot.

### b. FMLA claims

Plaintiff has alleged two claims under the FMLA. First, she alleges that Defendants interfered with her FMLA rights by refusing to grant her entire request for leave. (Doc. No. 6 at 6.) Second, she alleges that Defendants retaliated against her for exercising her FMLA rights by demoting her, refusing to restore her to her prior position, and terminating her. *Id*. Plaintiff alleges that Defendants' violations of the FMLA were willful, entitling Plaintiff to an award of liquidated damages. *Id*. at 6-7.

#### i. Interference

The FMLA entitles eligible employees to up to twelve weeks of unpaid leave per year. 29 U.S.C. § 2612(a). It is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). Defendants in this action granted Plaintiff 12 weeks of FMLA leave beginning on September 11, 2012. (Doc. No. 27-5.) In a letter to Plaintiff dated September 24, 2012, Defendants' Human Resources Generalist, Erika Huerta, stated that the 12-week period of leave would end on January 5, 2013. *Id*. This turned out to be a miscalculation. On December 3, 2012, Ms. Huerta contacted Plaintiff to inform her that the 12-week period would in fact elapse on December 5, 2012. (Doc. No. 27-6.)

Although Defendants did not grant Plaintiff's entire request for leave, they did not violate the FMLA in so doing. Both of Defendants' communications with Plaintiff regarding her FMLA leave provide for 12 weeks of leave, as required by the statute. Therefore, Defendants are entitled to summary judgment on Plaintiff's claim of FMLA interference.

### ii. FMLA retaliation

The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). Plaintiff alleges that she was demoted to Assistant Manager on September 12, 2012, the day after her FMLA leave was scheduled to begin. (Doc. No. 6 at 5.) According to Plaintiff, Defendants demoted and ultimately terminated her in retaliation for her exercise of FMLA rights. *Id*. at 6-7. Plaintiff further alleges that this retaliation was intentional, entitling her to an award of liquidated damages. *Id.* Defendants do not provide any evidence to contradict Plaintiff's allegations. (Doc. No. 27 at 6.) Under Federal Rule of Civil Procedure 56(c)(1), a party asserting that a fact is not in dispute (as Defendants must in order to be entitled to summary judgment) is required either to cite to particular parts of materials in the record or to show that the adverse party cannot produce admissible evidence to support the fact in question. If a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e)(2). Here, because Defendants have not proffered any evidence to dispute Plaintiff's allegations of FMLA retaliation, the Court considers Plaintiff's allegations undisputed. Therefore, summary judgment on this claim is denied.

### c. ADA claim

Defendants do not provide any evidence to contradict Plaintiff's allegations of disability

4

discrimination under the ADA. *Id.* Therefore, pursuant to Rule 56(e)(2), summary judgment on this claim is denied.

### d. Discrimination under Title VII and Section 1981[1]

#### i. Disparate treatment

In order to establish a prima facie case of discrimination, a plaintiff must show that: (1) she was a member of a protected group; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). For purposes of establishing a prima facie case, unfavorable treatment is only relevant if the plaintiff was treated less favorably than comparators under "nearly identical circumstances." *Willis v. Cleco Corp.*, 749 F.3d 314, 320 (5th Cir. 2014). Circumstances are nearly identical when the comparators held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and, critically, have essentially comparable violation histories. *Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).

Here, Plaintiff alleges race and gender discrimination under Title VII. In particular, she alleges that her manager insinuated that she was a thief; that she received less training than White, Hispanic, and male employees; and that she was discriminatorily disciplined and demoted. (Doc. No. 6 at 3, 10.) Defendants argue that Plaintiff failed to establish a prima facie case of disparate treatment because she did not establish that she was treated less favorably than

---

[1] Defendants' motion challenges Plaintiff's "claim of discrimination," without specifying Title VII or Section 1981. (Doc. No. 27 at 6-7.) Defendants cite case law relating only to Title VII. When used as parallel causes of action, Title VII and Section 1981 require the same proof to establish liability. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n. 2 (5th Cir. 1999). Therefore, the Court regards Defendants' motion as challenging both Plaintiff's Title VII claims and her Section 1981 claims, and analyzes the claims together.

other *similarly situated* employees outside her protected group. (Doc. No. 27 at 8-9.) However, Defendants provide no evidence to suggest that Plaintiff lacks similarly situated comparators. *Id*. As noted above, under Federal Rule of Civil Procedure 56(e)(2), if a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed for the purposes of the motion. Therefore, the Court regards Plaintiff's allegations as undisputed, and summary judgment is denied.

### ii. Retaliation

To establish a prima facie case of retaliation, Plaintiff must show that: (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action. *Aryain v. Wal–Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008). "'Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII.'" *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quoting *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)). The Supreme Court has held that 42 U.S.C. § 1981 encompasses claims of retaliation. *CBOCS West., Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Here too, the courts are to use the standard that they apply in Title VII cases. *See Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 319 (5th Cir. 2004). Once an employee establishes a prima facie case of retaliation, the burden shifts to the employer to come forward with a legitimate, non-retaliatory reason for its actions. *Grice v. FMC Techs., Inc.*, 216 F. App'x 401, 406 (5th Cir. 2007). If it does so, the burden shifts back to the employee to show that the proffered reason is mere pretext for retaliation. *Id.*; *see also Rios v. Rossetti*, 252 F.3d 375, 380 (5th Cir. 2001).

Plaintiff alleges that she made a complaint to human resources about race discrimination in October 2011. (Doc. No. 6 at 3-4.) Thereafter, she alleges, Defendants retaliated against her by giving her unwarranted disciplinary actions, demoting her, and ultimately terminating her. *Id.* at 4, 9.

Defendants argue that there were two legitimate, non-retaliatory reasons to terminate Plaintiff: her failure to return to work once her FMLA leave had expired, and her poor work performance. (Doc. No. 27 at 8.) With regard to FMLA leave, Plaintiff alleges that she was terminated by telephone on December 3, 2012, prior to the expiration of her FMLA leave. (Doc. No. 6 at 5-6.) Defendants, meanwhile, point to a document suggesting that her termination was effective on December 6, 2012. (Doc. No. 27-8.) Because this fact is in dispute, and viewing all evidence in the light most favorable to the non-movant, the Court cannot find that Plaintiff's failure to return to work was a legitimate, non-retaliatory reason for her termination.

With regard to work performance, Defendants point to various disciplinary records purporting to document Plaintiff's poor performance. *See* Doc. Nos. 27-1 to 27-4. These records, however, are consistent with Plaintiff's allegations that she was discriminatorily disciplined following her complaint to human resources. *See* Doc. No. 6 at 3-4. Notably, the earliest disciplinary record available is dated November 21, 2011, approximately one month after Plaintiff's complaint to human resources. *See* Doc. No. 27-1. Therefore, the Court denies summary judgment on Plaintiff's retaliation claim.

e. **Claims of wrongful discharge, TCHRA violation, and Section 1981 violation**

Defendants' motion does not seek dismissal of Plaintiff's claims of wrongful discharge, violation of the TCHRA, or Title VII hostile work environment.[2] (Doc. No. 27.) Therefore, those

---

[2] The elements of a hostile work environment claim are: (1) the plaintiff belonged to a protected

claims are undisturbed by this order.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Defendants' Motion to Dismiss (Doc. No. 27) is **GRANTED** as to Plaintiff's claim of FMLA interference. The Motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

Signed this 3rd day of May, 2017.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected group status; and (4) the harassment affected a term, condition, or privilege of employment. *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003). Although Defendants' motion generally alludes to Plaintiff's "claim of discrimination," none of Defendants' arguments are specific to the elements of a hostile work environment claim. To the extent that Plaintiff's hostile work environment claim is interconnected with her claims of disparate treatment, the Court declines to grant summary judgment for the same reasons that it declined summary judgment on the disparate treatment claims.